UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BRETT MILAU,

                    Plaintiff,           17 Civ. 6061 (   )

  -against-

SUFFOLK COUNTY, New York, Commissioner
TIMOTHY SINI, Individually, Sgt. WILLIAM
WALSH, Individually, Police Officer "John"
MOLINARI of the Pistol Licensing Bureau,
Individually, Captain WILLIAM SCRIMA,
Individually, and "JOHN DOE", Commanding
Officer of the Suffolk County Property Section,
Individually,

                    Defendants.
-------------------------------------------------------------x

**COMPLAINT**

**Jury Trial Demanded**

       Plaintiff, BRETT MILAU, by and through his attorneys, The Bellantoni Law Firm, PLLC, for his Complaint respectfully states:

## NATURE OF THE ACTION

       1.     This is an action for compensatory, economic and punitive damages proximately resulting from the actions of the individually named defendants' violations of the plaintiff's Constitutional Rights under the First, Second, Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.

## JURISDICTION

       2.     The Court's jurisdiction over the plaintiff's federal claims is invoked pursuant to 28 U.S.C. §§ 1331, 1343.

## THE PARTIES

       3.     Plaintiff, BRETT MILAU, (hereinafter "Mr. Milau"), is a domiciliary of the State of New York and a resident of Ronkonkoma, Suffolk County, New York.

1

4. Defendant, SUFFOLK COUNTY, New York (hereinafter the "County"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State.

5. Defendant, TIMOTHY SINI, (hereinafter "Commissioner Sini"), at all times relevant herein, was employed by the County as the Police Commissioner of the Suffolk County Police Department (hereinafter the "Department"). Commissioner Sini is sued herein in his individual and personal capacity only.

6. At all times relevant herein, as Police Commissioner of the Suffolk County Police Department, Commissioner Sini had the authority to create and/or enforce all formal, written, informal and unwritten policies and procedures of the Suffolk County Police Department and Pistol Licensing Bureau.

7. As the Police Commissioner of Suffolk County, Commissioner Sini is empowered with the authority to create, set and enforce the policies of the Department with respect to, *inter alia,* the release of property seized by and/or surrendered to the Department and its law enforcement officers.

8. At all times relevant herein, Commissioner Sini supervised and otherwise exercised supervisory control over the Pistol License Bureau, including, *inter alia,* Captain Scrima, Sgt. Walsh and Officer Molinari and decisions made regarding pistol license approvals, denials, suspensions and/or revocations of New York State Pistol License s and applications.

9. At all times relevant herein, Commissioner Sini supervised and otherwise exercised supervisory control over the Property Section, including, *inter alia,* John Doe, Commanding Officer of the Property Section.

10. At all times relevant herein, Commissioner Sini had the authority to order the release of private property in the custody and/or under the control of the Suffolk County Police Department, and its employees and agents, including the Department's Property Section.

11. Defendant WILLIAM WALSH (hereinafter "Sgt. Walsh") was at all times relevant herein, assigned as the Executive Officer of the Suffolk County Pistol Licensing Bureau (hereinafter "Pistol Licensing Bureau"). Defendant Walsh is sued herein in his individual and personal capacity only.

12. As the Executive Officer of the Suffolk County Pistol Licensing Bureau, Sgt. Walsh had the authority to suspend and/or revoke the New York State Pistol Licenses of Suffolk County residents.

13. As the Executive Officer of the Suffolk County Pistol Licensing Bureau, Sgt. Walsh had the authority to approve and/or deny the New York State Pistol License applications filed with the Suffolk County Pistol Licensing Bureau.

14. As the Executive Officer of the Suffolk County Pistol Licensing Bureau, Sgt. Walsh had supervisory authority over the police officers and/or investigators assigned to the Pistol Licensing Bureau.

15. As the Executive Officer of the Suffolk County Pistol Licensing Bureau, Sgt. Walsh created and/or enforce the policies and procedures of the Licensing Bureau.

16. Defendant "JOHN" MOLINARI (hereinafter "Officer Molinari"), was at all times relevant herein, an employee of the County of Suffolk and assigned to the Pistol Licensing Bureau. Defendant Molinari is sued herein in his individual and personal capacity only.

17. In his position with the Licensing Bureau, Officer Molinari had the authority to approve and/or deny New York State Pistol License applications filed with the Pistol License Bureau.

18. In his position with the Licensing Bureau, Officer Molinari had the authority to recommend and/or approve / deny New York State Pistol License applications filed with the Pistol License Bureau.

19. Officer Molinari's recommendation of the approval and/or denial of a New York State Pistol License was thereafter rubber-stamped by the head of the Pistol Licensing Bureau, and/or Sgt. Walsh and/or Captain William Scrima.

20. Defendant WILLIAM SCRIMA (hereinafter "Captain Scrima") was at all times relevant herein, the Commanding Officer of the Suffolk County Pistol Licensing Bureau. Defendant Scrima is sued herein in his individual and personal capacity only.

21. As the Commanding Officer of the Suffolk County Pistol Licensing Bureau, Captain Scrima had the authority to suspend and/or revoke the New York State Pistol Licenses of Suffolk County residents.

22. As the Commanding Officer of the Suffolk County Pistol Licensing Bureau, Captain Scrima had the authority to approve and/or deny New York State Pistol License applications filed with the Suffolk County Pistol Licensing Bureau.

23. As the Commanding Officer of the Suffolk County Pistol Licensing Bureau, Captain Scrima had supervisory authority over the police officers and/or investigators assigned to the Pistol Licensing Bureau.

24. As the Commanding Officer of the Suffolk County Pistol Licensing Bureau, Captain Scrima created and/or enforce the policies and procedures of the Licensing Bureau.

25. Defendant "JOHN DOE" (hereinafter "Commanding Officer Doe") was, at all times relevant herein, the Commanding Officer of the Suffolk County Property Section. Defendant Doe is sued herein in his individual and personal capacity only.

26. In his position as Commanding Officer of the Property Division, Commanding Officer Doe had the authority to release the property of private citizens that was and/or is in the possession, custody and/or control of the Suffolk County Police Department and its employees and agents, including the Property Section.

27. At all times relevant herein, each of the individual defendants were acting on behalf of, and in furtherance of, their positions as law enforcement officers of the Suffolk County Police Department and Suffolk County.

28. Suffolk County is liable for the acts and omissions of the individual defendant law enforcement officers based on the existence of *Monell* liability, as set forth more fully below.

29. At all times relevant herein, each of the individual defendants was acting pursuant to the established policies and procedures of Suffolk County and the Suffolk County Police Department.

## THE MATERIAL FACTS

30. In 2013, Mr. Milau held a valid New York State pistol license without incident since its issuance.

31. At no time relevant to the allegations contained herein did Mr. Milau have any prohibitors to his possession, use or ownership of firearms.

32. At no time relevant to the allegations contained herein did Mr. Milau have any legal prohibitors to the issuance of a New York State Pistol License and/or the possession, use, or ownership of handguns.

33. On January 24, 2013, Defendants seized Mr. Milau's personal property, to wit, five (5) handguns.

34. Defendants seized Mr. Milau's handguns because Mr. Milau and his wife were issued an Order of Protection <u>for their personal benefit</u> against their son.

35. Defendants seized <u>Mr. Milau's</u> handguns because the existence of an Order or Protection against Mr. Milau's <u>son</u> rendered Mr. Milau's <u>son</u> legally prohibited from possessing handguns.

36. Defendants seized Mr. Milau's handguns because Mr. Milau's son was living in Mr. Milau's home and could not legally possess handguns during the period that the Order of Protection was in effect.

37. On January 22, 2015, Captain Scrima revoked Mr. Milau's New York State Pistol License.

38. Captain Scrima informed Mr. Milau that his Pistol License was revoked because Mr. Milau's son, who is legally prohibited from possessing firearms, resides with Mr. Milau.

39. Over one year later, and in March 2016, Mr. Milau reapplied to the Suffolk County Pistol Licensing Bureau to have his New York State Pistol License reinstated.

40. The County's Licensing Bureau Pistol License Application requires the applicant to indicate whether the applicant "or any member of your household *ever* been evaluated or treated as a result of any mental health issues including, but not limited to, depression?" (emphasis provided).

41. Mr. Milau responded in the affirmative and provided supplemental information to his pistol license application relating to his son's prior use of narcotics, which caused a number of domestic incidents.

42. Mr. Milau informed the County's Pistol License Bureau that the Order of Protection (referenced above) was vacated on February 18, 2016, and provided a copy of the Order to the County.

43. Mr. Milau submitted his application for a New York State Pistol License to the Suffolk County Licensing Bureau.

44. When Mr. Milau contacted the Pistol Licensing Bureau to follow up on his application, he was informed by the Pistol Licensing Bureau and/or Defendant Molinari that it is the policy and procedure of the Suffolk County Police Department and the Pistol Licensing Bureau to deny every New York State Pistol License Application where the applicant resides with a third party who is legally prohibited from possessing guns.

45. The Pistol Licensing Bureau and/or Officer Molinari informed Mr. Milau his pistol license application would not be approved because his son, who is legally prohibited from possessing firearms, lives in his home.

46. The Suffolk County Pistol Licensing Bureau, including individually named defendants Scrima, Walsh, and Molinari, are the licensing authority for Suffolk County residents.

47. As the Licensing Authority for Suffolk County, the Suffolk County Pistol Licensing Bureau, including individually named defendants Scrima, Walsh, and Molinari determine which residents of Suffolk County can and cannot possess a New York State Pistol License.

48. A resident of Suffolk County cannot lawfully possess and/or own handguns without being issued a New York State Pistol License.

49. By refusing to issue a New York State Pistol License to Mr. Milau based on <u>his son's</u> prohibitions to the lawful possession of firearms, Defendants are unlawfully infringing on Mr. Milau's Second Amendment rights.

50. By refusing to issue a New York State Pistol License to Mr. Milau because his son is prohibited from lawfully possessing firearms, Defendants are unlawfully possessing and retaining Mr. Milau's handguns.

51. By refusing to issue a New York State Pistol License to Mr. Milau because his son is prohibited from lawfully possessing firearms, Defendants are unlawfully violating Mr. Milau's First Amendment rights to freedom of association.

52. By refusing to issue a New York State Pistol License to Mr. Milau because his son is prohibited from lawfully possessing firearms, Defendants are unlawfully violating Mr. Milau's Fourth Amendment rights because Mr. Milaui cannot possess the property being seized by the Department without the issuance of a New York State Pistol License.

53. By refusing to issue a New York State Pistol License to Mr. Milau because his son is prohibited from lawfully possessing firearms, Defendants are unlawfully violating Mr. Milau's Fourteenth Amendment rights to Due Process.

54. The County's aforementioned polic(ies) and/or procedure(s) of withholding a New York State Pistol License based on an applicant's relationship with a third party who is prohibited from legally possessing firearms violates the United States Constitution and subjects the County to *Monell* liability.

55. The aforementioned polic(ies) and/or procedure(s) of retaining the property of an individual who has no prohibitors to the possession, use and/or ownership of such property violates the United States Constitution.

56. The defendants' seizure of Mr. Milau's property in the first instance was unlawful and in violation of his Fourth and Fourteenth Amendment rights.

57. The defendants' revocation of Mr. Milau's New York State Pistol License based on his son's prohibitor(s) to handgun possession and/or ownership was unlawful and in violation of his First, Second, Fourth and Fourteenth Amendment rights.

58. The defendants acted in concert and aided/abetted one another in the violations of Mr. Milau's constitutional rights as described herein.

59. Mr. Milau has not been compensated for any failure of the Department to properly handle and store Mr. Milau's handguns resulting in damage to his property.

60. Mr. Milau has not been compensated for the value of the handguns being unlawfully possessed and retained by the defendants.

61. The defendants' actions have caused Mr. Milau to suffer, *inter alia,* loss of enjoyment of life, harm to his reputation, loss of property, economic damages, violations of his civil rights, legally presumed damages resulting from the violation of his civil rights, and he has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CAUSE OF ACTION

62. Repeats and realleges paragraphs "1" through and including "61".

63. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights to due process under the Fourteenth Amendment, 42 U.S.C. §1983.

## AS AND FOR A SECOND CAUSE OF ACTION

64. Repeats and realleges paragraphs "1" through and including "63".

65. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights under the Fourth Amendment, 42 U.S.C. §1983.

### AS AND FOR A THIRD CAUSE OF ACTION

66. Repeats and realleges paragraphs "1" through and including "65".

67. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights under the Second Amendment, 42 U.S.C. §1983.

### AS AND FOR A FOURTH CAUSE OF ACTION

68. Repeats and realleges paragraphs "1" through and including "67".

69. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights under the First Amendment, 42 U.S.C. §1983.

### AS AND FOR A FIFTH CAUSE OF ACTION

70. Repeats and realleges paragraphs "1" through and including "69".

71. Under the theory that each and every defendant is liable to plaintiff individually and acting in concert with one another to violate plaintiff's Constitutional Rights under the First, Second, Fourth and Fourteenth Amendments, 42 U.S.C. §1983.

### AS AND FOR A SIXTH CAUSE OF ACTION

72. Repeats and realleges paragraphs "1" through and including "71".

73. Under the theory that, by creating, maintaining, enforcing, following, and/or applying the unconstitutional policy described herein, the County of Suffolk is liable to the

plaintiff under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) for the violations of his Constitutional Rights as plead herein, 42 U.S.C. §1983.

WHERFORE, a Judgment is respectfully requested:

- Awarding an injunction against defendants that bars the defendants' continued violations of plaintiff's constitutional rights;

- Ordering the restoration and reinstatement of plaintiff's New York State Pistol License;

- Striking the aforementioned portion of the Suffolk County Pistol License Handbook as unconstitutional;

- Ordering the return of plaintiff's property;

- Awarding an injunction against defendants that bars the continued enforcement and application of the policy detailed herein;

- Awarding against each and every defendant compensatory, exemplary damages as the jury may determine;

- Awarding against each and every individually named defendant punitive damages as the jury may determine;

- Awarding against each and every defendant economic damages;

- Awarding costs, disbursements and reasonable attorney's fees;

- Granting such other and further relief as the Court deems necessary and proper.

Dated: October 17, 2017
      Scarsdale, New York

                                THE BELLANTONI LAW FIRM, PLLC
                                *Attorneys for Plaintiff, Brett Milau*

By:    _____/s_____
       Amy L. Bellantoni (AB3061)
       2 Overhill Road, Suite 400
       Scarsdale, New York 10583
       (914) 367-0090
       (914) 367-0095 (facsimile)