**COUNTY OF SUFFOLK**



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

| | |
|---|---|
| **DENNIS M. BROWN** | **DEPARTMENT OF LAW** |
| **ACTING COUNTY ATTORNEY** | |

June 2, 2023

Hon. Joanna Seybert, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: *Milau v. Suffolk County*
      17-cv-6061(JS) (SIL)

Dear Judge Seybert:

The Suffolk County Attorney's Office represents defendants in this civil rights action pursuant to 42 U.S.C. § 1983 brought by plaintiff Brett Milau.

This case involves plaintiff's claims for the alleged violation of his constitutional rights based upon defendant County of Suffolk's alleged suspension of his license to carry a pistol, seizure of his handguns, and non-renewal of his "carry" license. Plaintiff's license was suspended, his weapons surrendered, and renewal of his license allegedly declined due to the fact that his adult son, a convicted felon, resides in his home.

Defendants moved for summary judgment prior to the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 213 L. Ed. 2d 387, 142 S. Ct. 2111 (2022) ("*Bruen*"). By Order dated May 10, 2023, the motion was terminated without prejudice to renew upon re-briefing in light of *Bruen*, and defendants were directed to serve the re-briefed motion no later than June 14, 2023. Respectfully, we request that our time to serve our re-briefed motion be extended to allow for the imminent decisions of the Court of Appeals for the Second Circuit in two pending appeals that pertain to the law relevant to this case.

As the Court is surely aware, *Bruen* struck down New York State's "may issue" statutory scheme for the issuance of pistol licenses. In response, the State enacted the Concealed Carry Improvement Act ("CCIA"), establishing an entirely new statutory "shall issue" regime for the issuance of licenses to carry handguns. The CCIA calls for the licensing officer to consider an applicant's cohabitants in determining whether to issue a license. Section 400.00 (1) (i) of the N.Y. Penal Law as now amended, expressly requires that applicants provide the "names and contact information for the applicant's current spouse,

or domestic partner, any other adults residing in the applicant's home, including any adult children of the applicant." As plaintiff seeks re-issuance of his license, his request is governed by this amended statute. [1]

This "cohabitant" provision of the CCIA is currently under constitutional challenge in *Antonyuk v. Nigrelli*, docket no. 22-2908, which was argued before the Court of Appeals on March 20, 2022. The "cohabitant" provision is also currently being challenged in the Court of Appeals in *Giambalvo v. Suffolk County*, docket number 23-208.[2] By Order issued April 25, 2023, the *Giambalvo* appellants' motion to expedite the appeal was granted. Appellants' and appellees' briefs have already been submitted, along with a brief filed by the New York State Attorney General in support of the CCIA.

Defendants respectfully submit that it would be an inefficient use of the time of both counsel and the Court to re-brief the summary judgment motion prior to the Second Circuit ruling on the constitutionality of the CCIA's "cohabitant" provision, particularly since a decision in at least one of the two pending appeals will likely soon be rendered.

We have sought the consent of opposing counsel to this request. Consent was declined.

We thank the Court for its anticipated consideration of this application.

Respectfully submitted,

Dennis M. Brown
Acting County Attorney

*/s/ Arlene S. Zwilling*
By:  Arlene S. Zwilling
Assistant County Attorney

---

[1] Since plaintiff's license was suspended and his weapons surrendered prior to *Bruen*, the law applicable to those actions is as previously briefed because *Bruen* is not to be interpreted retroactively. *Salley v. U.S.A,,* 2023 WL 3568618 (M.D. Fl. May 18, 2023). Thus, it appears that the sole issue to be re-briefed is the constitutionality of the "cohabitant" provision.

[2] Amy Bellantoni, Esq. counsel for plaintiff Milau, is also counsel for the appellants in *Giambalvo*.