

June 2, 2023

**VIA ECF**

Hon. Joanna Seybert, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    Milau v. Suffolk County
                17 Civ. 6061 (JS) (SIL)

Your Honor,

    I am the attorney for the plaintiff, Brett Milau, in the above-referenced matter. I write in response and opposition to Suffolk County's request for what is essentially a stay of this matter pending a determination of cases that have no precedential effect on the issues to be decided here.

    At the outset, Counsel's representation that Plaintiff's son is a 'convicted felon' is a patent and material misrepresentation of fact – a lie. [ECF Doc. 30-1 at ¶ 62].

    That said, the County's request to stay these proceedings until the Second Circuit decides the appeals in *Antonyuk* and *Giambalvo* should be denied for several reasons.

***Antonyuk* and *Giambalvo* Challenge a State Statute Passed in 2022**

    *Antonyuk* and *Giambalvo* are inapposite to this case - they involve challenges to a New York State statute that was passed in 2022[1].

    The events giving rise to Plaintiff's constitutional challenges involve conduct by the Suffolk County Police that occurred in **2017** and have nothing to do with a law passed **5 years later**.

---

[1] The Concealed Carry Improvement Act ("CCIA"). As relevant to the County's motion for a stay, section 400.00(1)(o)(i), which requires applicants "submit to the licensing officer the following information: (i) names and contact information for the applicant's current spouse, or domestic partner, any other adults residing in the applicant's home, including any adult children of the applicant, and whether or not there are minors residing, full time or part time, in the applicant's home."

**The State Statute (CCIA) Does Not Absolve Suffolk County's Actions**

Even if the Second Circuit decided that section 400.00(1)(o)(i) passed the *Bruen* test, which it does not, **no part of the CCIA prohibits a handgun license from being issued to an individual who resides with a third party who is disqualified from possessing firearms.**

With respect to section 400.00(1)(o)(i), the only issue before the Second Circuit is whether requiring applicants to provide that information is consistent with the text, history, and tradition of the Second Amendment in the Founding Era.

Plaintiff's case does not challenge a Suffolk County Policy that requires applicants to provide such information to the Licensing Bureau.

Plaintiff's case challenges a Suffolk County Policy that prohibits and forbids anyone from possessing firearms if they reside with someone who has a firearms disqualifier under state and/or federal law. Plaintiff's right to possess firearms for self-protection was terminated by Suffolk County under that policy because his adult son has a misdemeanor conviction that, as a "serious offense" under Penal Law 265.00(17) renders him disqualified from firearm possession.

While the County tries to make the leap from a state requirement that applicants for a concealed carry license 'disclose co-habitant information' to a 'ban on firearms if a co-habitant is disqualified from possessing firearms', there is no such provision in the CCIA.[2]

No cognizable argument can be made that a decision from the Second Circuit on *Antonyuk* and *Giambalvo* will have a precedential effect on Plaintiff's claims.

The only relevant legal precedent applicable to Plaintiff's Second Amendment claims is the *Bruen* test.

Plaintiff requests that, for the above reasons and because additional delays continue to violate his constitutional rights, the revised summary judgment schedule be maintained.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni

---

[2] A just-as-likely reason for the co-habitant requirement is to (i) gain additional information from the co-habitants about the applicant in the licensing officer's determination of the applicant's moral character. The County's view is also undermined by (i) the requirement that an applicant's social media accounts be disclosed to confirm the information regarding the applicant's character and conduct and (ii) the additional language enacted in 400.00(1)(b) regarding an applicant's "moral character." In other words, the focus is the applicant not third parties.