

February 20, 2024

**VIA ECF**

Hon. Joanna Seybert, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Milau v. Suffolk County* 17 Civ. 6061 (JS) (SIL)

Your Honor,

    I am the attorney for the plaintiff, Brett Milau, in the above-referenced matter. As noted by counsel for Suffolk County, I served Plaintiff's Motion for Summary Judgment on the County on February 4, 2024. The body of the email to Ms. Zwilling indicated that the Notice of Motion, Declaration of Amy L. Bellantoni with attached exhibits, and Memorandum of Law were attached for service consistent with this Court's Bundling Rule.

    It was an oversight that the Memorandum of Law in support of Plaintiff's Motion for Summary Judgment was not attached to the February 4, 2024 email. Had counsel simply brought the error to my attention upon receipt, the Memorandum of Law would have been immediately forwarded.

    For some reason, counsel also did not email Defendants' re-briefed motion, as she has in past practice. Rather, the motion was sent by snail mail. Nor did counsel acknowledge or respond to the status letter that Plaintiff filed by ECF on February 5, 2024 indicating that Plaintiff's motion had been served on Defendants. Counsel also did not file a status letter when the County's re-briefed motion was snail mailed to the undersigned. Incidentally, the County's re-briefed motion was not forwarded to me from my office until February 8 which, due to traveling and other deadlines, was not opened until today.

    As the Court is aware, all Second Amendment challenges are subject to the test announced in *NYSRPA v. Bruen*, 142 S.Ct. 2111 (2022), which requires a plaintiff to demonstrate that the conduct being regulated is protected by the plain text of the Second Amendment; the burden then shifts to the government to produce evidence that its regulation is consistent with the historical traditions in this Nation.[1]

---

[1] "In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this

Soon to be before the Court are two motions for summary judgment. Plaintiff respectfully proposes the following schedule: Defendants serve their opposition to Plaintiff's motion for summary judgment (now fully served as of today's date) on March 21, and Plaintiff serve his reply – and all papers bundled and filed on ECF – on April 22.

The above schedule is proposed for three reasons. **First**, Plaintiff's initiation of the motion for summary judgment is consistent with the shifting burden under *Bruen*. In his motion, Plaintiff demonstrates that his conduct is protected by the plain text of the Second Amendment. *Bruen*, at 2126. With the burden shifting to the government, the County's opposition will provide Defendants with the opportunity to identify an historical analogue. And finally, with Plaintiff's reply he has the opportunity to respond to the historical analogues (or lack thereof) proffered by the County to meet its burden.

**Second**, the County's re-briefed motion, mailed out on February 1, 2024, does not contain a Rule 56.1 statement. Rather, the County served a Counterstatement that already incorporates responses from Plaintiff and a Counterstatement that the County assumes Plaintiff will submit this second time around.[2]

But the County's initial motion for summary judgment ***was terminated*** [see Dkt. Entry May 10, 2023]. This means that the County was required to start anew and present a clean Statement of Undisputed Material Facts, to which Plaintiff would respond and then create its own Counterstatement for Defendants to respond to. The County cannot merely take a prior Counterstatement and incorporate it into its re-briefed motion. The County's February 1, 2024 motion is deficient and in violation of Local Rule 56.1.[3]

**Third,** the County's Memorandum of Law does not even mention the *Bruen* test. No Court can render a determination on a Second Amendment challenge without applying the *Bruen* test and holding the government to its burden of justifying the challenged regulations. In other words, the County's entire motion is defunct for failure to mention, apply, or adhere to the legal standard for Second Amendment challenges under *Bruen* – which was the whole reason for the Court's May 10, 2023 Docket Order requiring re-briefing consistent with the decision in *Bruen*.

Based on the above, it is respectfully requested that the Court adopt the above motion schedule.

Respectfully,

*Amy L. Bellantoni*
Amy L. Bellantoni

---

Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10, 81 S.Ct. 997, 6 L.Ed.2d 105 (1961)." *Bruen*, at 2126, 2129-30.
[2] Defendants' document is entitled "Defendants' Second Revised Counterstatement in Response to Plaintiff's Statement Pursuant to Local Rule 56.1 and Statement of Additional Facts."
[3] Copies of the aforementioned documents will be provided upon request by the Court. Because the County's motion was not emailed to the undersigned, the documents are not readily available for ECF filing as attachments.