UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRETT MILAU,

                        Plaintiff,        17-cv-06061(JS)(SIL)

-against-

SUFFOLK COUNTY, New York, Commissioner TIMOTHY SINI, Individually, Sgt. WILLIAM WALSH, Individually, Police Officer "John" MOLINARI of the Pistol Licensing Bureau, Individually, Captain WILLIAM SCRIMA, Individually, and "JOHN DOE", Commanding Officer of the Suffolk County Property Section, Individually,

                        Defendants.

**SUPPLEMENTAL MEMORANDUM OF LAW**

DATED: Hauppauge, New York
        November 19, 2024

                      Respectfully submitted,

                      Christopher J. Clayton
                      Acting County Attorney
                      Attorney for Defendants Suffolk County, Sini, Walsh, Molinari and Scrima
                      H. Lee Dennison Building
                      100 Veterans Memorial Highway
                      P. O. Box 6100
                      Hauppauge, New York 11788

                      By: Arlene S. Zwilling
                      Assistant County Attorney

**PRELIMINARY STATEMENT**

Suffolk County, (former) Suffolk County Police Commissioner Timothy Sini (sued in his official capacity only), Sgt. William Walsh, Police Officer Louis Molinari and Captain William Scrima, defendants in this civil rights action pursuant to 42 U.S.C. §1983 brought by plaintiff Brett Milau ("Milau") submit this supplemental brief pursuant to the Court's Order of October 31, 2024 to set forth their position on the proper application of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022) ("*Bruen*") to the parties' pending cross-motions for summary judgment.

**DEFENDANTS' POSITION**

Defendants' arguments as to why Milau may not receover for their actions four or more years prior to *Bruen* regardless of whether *Bruen* is retroactively applicable are fully set forth in the moving memorandum of law. Defendants recognize the principle that when the Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Harper v. Virginia Dep't of Tax'n*, 509 U.S. 86, 97, 113 S. Ct. 2510, 2517, 125 L. Ed. 2d 74 (1993). Defendants do not, at this time, take the position that *Bruen* has no bearing upon this case. The arguments explaining earlier law were included to provide a fuller context for the Court, and because the retroactivity principle is not without limitation.

One such limitation is implicated here because individual defendants raise the defense of qualified immunity. When a defendant asserts an entitlement to qualified

1

immunity "'special federal policy concerns" may justify suspending the ordinary presumption in favor of retroactivity" because the applicable law was not clearly established at the time of their action. *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207 (2d Cir. 2010). These sorts of policy concerns arise in this case because *Bruen* effected a thorough restructuring of the applicable law that could not have been anticipated, probably not even by attorneys. In *Bruen*, the Supreme Court struck down New York's "may issue" statutory scheme for pistol licensing and required the state to create an entirely new and different "shall issue" system. Given *Bruen*'s complete rejection of New York's statutes governing handgun licensing, individual defendants submit that it would not be just to retroactively apply its pronouncement against them personal for actions they took years before its issuance.

Aside from the question of retroactivity, *Bruen* does not hold that the Second Amendment categorically prohibits all consideration of cohabitants' circumstances in pistol licensing matters. Some of the discretion afforded to licensing officers survives *Bruen*. *Kamenshchik v. Ryder*, 216 N.Y.S.3d 831, 836 (N.Y. Sup. Ct. 2024) citing *Antonyuk v. Chiumento*, 89 F.4th 271, 324 (2d Cir. 2023), *cert. granted, judgment vacated sub nom. Antonyuk v. James*, 144 S. Ct. 2709 (2024), and *reinstated in part by Antonyuk v. James*, 2023 WL 11963034 (2d Cir. Oct. 24, 2024) ("*Antonyuk* determined that *Bruen* did not prevent a Licensing Officer from having a certain amount of discretion in interpreting the application or seeking follow-up information"). Additionally, the Second Circuit has held that the "cohabitant requirement" comports with the Second Amendment, albeit on the basis that association with an unsuitable cohabitant may suggest that the prospective licensee is themselves unfit, rather than on the ground that a license should not be issued to a person

2

who shares a home with an unsuitable cohabitant. *Antonyuk,* 2023 WL 11963034, at *20 ("the cohabitants' requirement is consonant with the long tradition of considering an applicant's character and reputation when deciding whether to issue a firearm license").

## CONCLUSION

Defendants' re-briefed motion pursuant to Fed. R. Civ. P. 56 for summary judgment dismissing the Complaint should be granted and plaintiff's cross-motion denied.

Dated: Hauppauge, New York
November 19, 2024

        CHRISTOPHER J. CLAYTON
        Suffolk County Attorney
        Attorney for Defendants Suffolk County,
        Sini, Walsh, Molinari and Scrima1
        Office and P.O. Address
        100 Veterans Memorial Highway
        P.O. Box 6100
        Hauppauge, New York 11788

By:   */s/ Arlene S. Zwilling*
       Arlene S. Zwilling
       Assistant County Attorney