
February 25, 2025

Hon. Joanna Seybert, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: *Milau v. Suffolk County*
    17-cv-6061(JS) (SIL)

Dear Judge Seybert:

The Suffolk County Attorney's Office represents Suffolk County, (former) Suffolk County Police Commissioner Timothy Sini, Sgt. William Walsh, Policer Officer Molinari and Captain William Scrima, defendants in this civil rights action pursuant to 42 U.S.C. § 1983 brought by plaintiff Brett Milau ("Milau"). Defendants hereby object to so much of the Report and Recommendation of Magistrate Judge Steven I. Locke dated February 13, 2025 (docket entry no. 60) as granted plaintiffs' cross-motion on his Second Amendment claim.[1]

## I.  The Second Amendment Claim.

Milau claims that his Second Amendment rights have been violated since 2017 by defendants' purported refusal to issue him a pistol license based on his cohabitating with his son who is prohibited from possessing firearms. He contends that defendant Suffolk County has a policy of declining to issue pistol license to individuals who live with someone statutorily prohibited from possessing firearms.

---

[1] Magistrate Judge Locke recommended granting summary judgment to defendants Sini, Walsh and Scrima since Milau does not allege that they engaged in any wrongdoing. Judge Locke also recommended granting summary judgment in favor of Molinari on the basis of qualified immunity. If the Court accepts those recommendations, which are eminently correct, the only remaining defendant will be Suffolk County and the only remaining claim one pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

II. **Pertinent Facts**

On January 24, 2013, the Suffolk County Police Department's Pistol Licensing Bureau ("PLB") sent Milau a letter notifying him that his pistol license had been suspended due to his "current domestic situation involving [his] son Gregory."

On May 23, 2014, Gregory pleaded guilty to criminal possession of a controlled substance in the seventh degree, a violation of N.Y. Penal Law §220.03. Pursuant to N.Y Penal Law §265.00 (17), the conviction prohibited him from possessing firearms.

A January 22, 2015 PLB investigation report reflected numerous domestic incidents involving Gregory and Milau, as well as Gregory's numerous arrests, including arrests for burglary and possession of a hypodermic instrument. The report also recorded that Milau had stated that he and his wife live in constant fear of Gregory; that they sleep with a dead bolt on their bedroom door; that Gregory had made numerous threats to harm them by physical violence while they slept; that Gregory was constantly stealing from the family to support his drug habit; that everything in their home had to be under lock and key; that Milau did not want to obtain an Order of Protection against Gregory because his son had nowhere to go and would wind up on the street dead in no time. The report also confirmed that Milau was informed that it would be in his best interest to cancel his license until Gregory left the home, and that Milau agreed. His license was cancelled at his request.

Milau then re-applied for a license in 2016. During a 2017 phone conversation with PLB, Milau withdrew his application because he was still residing with Gregory, stating that he would reapply when his son no longer lived in the Milau residence.

III. **The Court's Recommendations**

In the Report and Recommendation, the Magistrate Judge rejected defendants' argument that, as explained in *Kamenshchik v. Ryder*, 84 Misc. 3d 1048, 216 N.Y.S.3d 831 (Sup. Ct. Nassau Cty. 2024) ("*Kamenshchik*"), a licensing agency retains discretion after *New York State Rifle & Pistol Ass'n Inc. v. Bruen*, 597 U.S. 1, 142 S.Ct. 211 (2022) ("*Bruen*") to deny an application based upon concerns about a co-resident. Judge Locke also rejected our position that the Second Circuit's approval of the so called "co-habitant provision" of N.Y. Penal Law § 400.00 (1)(o) (i) in *Antonyuk v. James*, 120 F. 4th 941 (2d Cir. 2024) ("*Antonyuk*")[2] reflects that it is permissible to consider the circumstances of an applicant's cohabitant in making a licensing determination.

Since the Court saw Millau's possession of handguns as falling within the "plain text" of the Second Amendment under *Bruen*, it concluded that we had not met our burden of showing that the historical tradition supports the alleged policy.

---

[2]  A Petition for a Writ of Certiorari in *Antonyuk* is now before the Supreme Court (Jan. 22, 2025) (No.24-795).

**LOCATION**  
H. LEE DENNISON BLDG.  
100 VETERANS MEMORIAL HIGHWAY   ♦

**MAILING ADDRESS**  
P.O. BOX 6100  
HAUPPAUGE, NY 11788-0099   ♦

(631) 853-4049  
TELECOPIER (631) 853-5169

As Milau did not submit a proposed injunction, the Court recommended that a hearing be conducted to determine the appropriate language of a permanent injunction against the challenged policy.

IV. **Defendants' Objections**

It is defendants' position that in rejecting our argument based on *Kamenshchik*, Judge Locke too narrowly defined the scope of a licensing officer's discretion to consider the circumstances of a cohabitant. Surely, *Bruen* did not so severely divest licensing officers of the discretion needed to wisely weigh concerns presented by diverse cohabitants' circumstances---which can include such factors as convictions that legally prohibit the possession of firearms under federal and/or state law; a history of drug and alcohol abuse, mental illness requiring in-patient treatment, suicide attempts, "red flag" and other judicial orders restricting the cohabitant's access to weapons---as to preclude all consideration regardless of the gravity or number of concerns presented. Notably, Gregory's conviction for criminal possession of a controlled substance bars him from possessing firearms pursuant to N.Y. Penal Law § 265.00(17).

Defendants further submit that contrary to the Magistrate Judge's reading of *Antonyuk*, the Second Circuit has not prohibited licensing officers from considering the character of a cohabitant in determining whether a license should be granted. It is defendants' position that *Antonyuk* does not require licensing agencies to ignore all conceivable negative aspects of a cohabitant's history and character. While *Antonyuk* acknowledged that the "identity and characteristics of an applicant's cohabitants are relevant to the dangerousness of the *applicant*," *Id.*, at 1001 (emphasis added), the Court of Appeals did not conclude that the dangerousness of the *cohabitant* may not be considered in assessing whether firearms may appropriately be maintained in a home.

V. **Relief Requested**

Respectfully, defendants request that Your Honor sustain our objections and grant us summary judgment on Milau's Second Amendment claim.

We thank the Court for its anticipated consideration of these objections.

Respectfully submitted,

Christopher J. Clayton
County Attorney

*/s/ Arlene S. Zwilling*
By: Arlene S. Zwilling
Assistant County Attorney