

March 12, 2025

**By ECF**

Hon. Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re: *Milau v. Suffolk County* 17-cv-6061 (JS)(SIL)

Your Honor,

    I represent the plaintiff, Brett Milau ("Plaintiff"), in the above-referenced matter. Please accept the following in response to the objections filed by the defendants to the February 13, 2025 Report and Recommendation of Magistrate Judge Steven Locke [Dkt. No. 60] granting Plaintiff's cross-motion for summary judgment as to his Second Amendment claims. For the reasons set forth below, the Report and Recommendation of Magistrate Locke should be adopted in its entirety.

*Background*

    Relevant here, the plaintiff challenged a Suffolk County policy that bans the possession of handguns by any individual who resides with a person who is, or who is believed by the Suffolk County Pistol Licensing Bureau (PLB) to be, prohibited from possessing firearms. To that end, existing pistol licenses will be revoked and/or canceled, and no pistol license will be issued, to anyone with a disqualified cohabitant (the "Policy").

    The existence of this Policy was reconfirmed by members of the Suffolk County PLB in *LaMarco v. Suffolk County,* 22-cv-04629 (GRB)(JMW) during discovery, as Plaintiff's cross-motion for summary judgment bore out [Dkt. No. 60 at 9].[1] The PLB will not issue a pistol license to anyone who resides with disqualified person. By residing with his adult son, who has a disqualifying misdemeanor conviction, Specifically, under the Policy Plaintiff cannot obtain a pistol license – and, therefore, cannot possess handguns - because a cohabitant is a 'prohibited person.'

---

[1][1] See also, Plaintiff's Statement of Facts at ¶¶ 84-85.

*Standard of Review*

A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. *Libbey v. Vill. of Atl. Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) (citation omitted). When a party raises an objection to a magistrate judge's report, the Court must conduct a *de novo* review of any contested sections of the report; but if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error. *Id.* (citations omitted). Even in a *de novo* review of a party's specific objections, however, the Court ordinarily will not consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. *Id.* (citation omitted).

*Defendants' Objections Are Without Merit and Should Be Overruled*

Defendants complain that the Report and Recommendation erroneously (i) rejected Defendants' argument that the licensing officers "retain discretion…to deny an application based upon concerns about a co-resident"; (ii) rejected Defendants' position that "the Second Circuit's approval of the so called "co-habitant provision" of N.Y. Penal Law § 400.00(1)(o)(i) in *Antonyuk v. James*, 120 F. 4th 941 (2d Cir. 2024) ("Antonyuk") reflects that it is permissible to consider the circumstances of an applicant's cohabitant in making a licensing determination." (Objections at 2).

Because Defendants' objections are a "reiteration of their original arguments," the Court's standard of review here is "clear error."

Magistrate Locke properly rejected Defendants' upside-down interpretation of *Antonyuk* and *Kamenshchik*: that the government may disarm an individual based on a *cohabitant's* disqualification from firearm possession.

> "The *Kamenshchik* court, then, reached the opposite conclusion than that for which Defendants cite it, holding that the discretion afforded to a pistol licensing officer does not save pistol licensing requirements from Second Amendment analysis."

[R&R at 20] (emphasis supplied).

> "Defendants cite the second case, *Antonyuk v. James*, for the proposition that a pistol licensing officer may inquire as to an applicant's cohabitants "on the basis that association with an unsuitable cohabitant may suggest that the prospective licensee is [himself or herself] unfit[.]" Defs. Supp. Mem. at 2."

[R&R at 20].

Magistrate Locke went on to observe,

> "The court's rationale, however—as Defendants acknowledge—is based on its conclusion that the "identity and characteristics of an applicant's cohabitants" may point to the applicant's ability to be "entrusted with a weapon and to use it only in a manner that does not endanger himself or others." Id. at 1001 (citing N.Y. Penal Law § 400.00(1)(b)). The Second Circuit did not conclude that historical tradition supports prohibiting an applicant from obtaining a pistol

license merely because *his cohabitant* cannot possess firearms, without any reference to what that cohabitant may indicate to a licensing officer about the character of the applicant himself. Accordingly, the Court concludes that *Antonyuk v. James* is inapposite, and the historical analysis in that opinion does not meet Defendants' burden here."

[R&R at 21] (emphasis supplied).

And while the County seeks to enlarge the existing 'discretion' imbued to New York's licensing officers to include disarmament based on a *third person's* firearm disqualification, it should not be lost on this Court that the Supreme Court in *Heller* confirmed that the Second Amendment protects an individual – not a collective – right.[2] As such, Plaintiff's individual right to possess firearms for self-defense cannot be terminated because *another person* has forfeited their Second Amendment right. Defendants failed to identify any authority in favor; to the contrary, the cases upon which they rely – *Kamenshchik* and *Antonyuk* – are inapposite.

No objective reading of *Kamenshchik* or *Antonyuk* supports the County's position now – nor did they support the County's position at the summary judgment stage. Indeed, neither *Kamenshchik* nor *Antonyuk* involved the issue of a *cohabitant's* disqualification.

What's more, the County failed to identify any historical tradition in this Nation that justifies the Policy as they were required to do under the *Bruen* test. See, *Bruen*, 597 U.S. at 17.

The County continues to ply the Courts in this district with frivolous and spurious arguments in a desperate attempt to shield its unconstitutional Policy from being permanently enjoined. [See also, *LaMarco v. Suffolk County*, 2:22-cv-04629-GRB-JMW at July 2, 2024 Text Order].[3]

---

[2] What's more, *Bruen* specifically rejected subjecting the rights protected by the Second Amendment to an "appraisal of facts, the exercise of judgment, and the formation of an opinion…—features that typify proper-cause standards like New York's." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 39 n. 9 (2022).

[3] "In its papers, the Suffolk County Attorney fails to argue the proper application of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022) by dodging the issue, asserting that the subject matter of this case is somehow outside the ambit of the Second Amendment…This assertion is spurious, seemingly interjected for dilatory purposes. It is obvious that this case involves the proper application of the Second Amendment, and arguments surrounding *Bruen* are critical to its proper resolution. Indeed, Ms. Zwilling, the Assistant County Attorney handling this case, is well aware of the applicability of the Second Amendment given her work in *Torcivia v. Suffolk Cnty., New York*, 409 F. Supp. 3d 19, 36 (E.D.N.Y. 2019), aff'd, 17 F.4th 342 (2d Cir. 2021) ("There can be no question that [Suffolk County's] Revocation and Seizure Policies implicated conduct within the scope of the Second Amendment. At least least [sic] one of the Policies resulted in the revocation of Plaintiff's pistol license and the temporary seizure of Plaintiff's firearms, and limited Plaintiff's ability to possess handguns."). Moreover, the County's assertion that *Bruen* is not retroactive is equally preposterous. See, e.g., *Passalacqua v. Cnty. of Suffolk*, No. 19-CV-5738 (GRB)(SIL), 2022 WL 21795141, at *3 (E.D.N.Y. Dec. 9, 2022) ("Further, the fact that the events at issue took place prior to the Supreme Court's decision in Bruen has no bearing on its applicability to the present motions.") (citation omitted). Notably, Ms. Zwilling also represents the County in *Passalacqua*…"

For the foregoing reasons, the defendants' objections should be overruled and Magistrate Locke's Report and Recommendation should be adopted in its entirety.

Respectfully,

*Amy Bellantoni*
Amy L. Bellantoni